**Gjovalin NIKA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3230.

United States Court of Appeals, Sixth Circuit.

April 26, 2004.

Carl M. Weideman, Jr., Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioner.

Mary Jane Candaux, Jennifer L. Lightbody, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

*ORDER*

Gjovalin Nika, a citizen of Albania currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his application for asylum. 8 U.S.C. § 1158. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Nika was born in Albania in 1967 and entered this country in 1994 without inspection. He conceded deportability on that basis, but requested relief in the form of asylum, withholding of deportation, and voluntary departure. A hearing was held before an immigration judge (IJ), at the conclusion of which all forms of relief requested were denied. Nika appealed to the Board of Immigration Appeals (BIA), and filed a motion to remand for consideration of relief under the United Nations Convention Against Torture. The BIA dismissed the appeal from the denial of asylum and withholding of deportation, and denied the motion to remand, but granted Nika voluntary departure. In his brief before this court, Nika challenges only the denial of asylum relief. Counsel for respondent argues in her brief that Nika's brief is so perfunctory as to require dismissal. This court previously granted Nika's motion for a stay of deportation.

A decision denying asylum is reviewed under a substantial evidence standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 481,

112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In order for the court to reverse a denial of asylum, the alien must demonstrate that the evidence is so compelling that no reasonable factfinder could have found him ineligible. *Id.* at 483–84.

In this case, Nika has attached to his brief the statement of facts that was originally attached to his application for asylum. In his statement, he alleged that he was subjected to persecution in Albania on the basis of his Slavic ethnicity, his religion (Catholic), and his membership in a political movement seeking return of property confiscated by the Communist government of Albania. He alleged that he and members of his family were often detained and subjected to beatings throughout the early 1990's. On the basis of this statement, Nika argues that his request for asylum should have been granted. However, the IJ found this statement of facts to be lacking in credibility. An adverse credibility finding is entitled to highly deferential review, *Efe v. Ashcroft,* 293 F.3d 899, 903 (5th Cir.2002), where it is supported by specific reasons. *Balasubramanrim v. INS,* 143 F.3d 157, 162 (3d Cir.1998). In this case, the IJ noted several specific reasons for finding Nika's allegations incredible. Nika was unable to relate the dates of his alleged arrests and beatings at the hearing consistently with the dates in his written application. While he claimed to have often been subjected to this mistreatment in his application, at the hearing he testified that he was only arrested twice. (In his brief on appeal he mentions five arrests.) His application states that his wife was also subjected to arrests and beatings, but he denied this in his testimony at the hearing. He also testified that someone else had prepared his written statement without any input from him, and coached him to repeat this story at his hearing in order to be granted asylum. Under these circumstances, we defer to the IJ's finding that Nika's statement in support of his application for asylum was not credible.

The petition for review is therefore denied.